UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY MYERS, | ) | Case No. 1:20-cv-2006 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| ANDREW SAUL, Commissioner | ) | |
| of Social Security | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## I.  Introduction

Jeffrey Myers, Plaintiff, seeks judicial review of the final decision of Andrew Saul, the Commissioner of Social Security, denying his application for disability insurance benefits under Title II the Social Security Act. Before reaching the merits of that appeal, the Commissioner seeks to dismiss this action as untimely filed because Myers filed it more than 60 days after receiving the Commissioner's administratively final decision. (ECF No. 9). This matter is before me under 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3), and Local Rule 72.2(b). Because this action is untimely, and because Myers has not demonstrated that he is entitled to equitable tolling, I recommend that the Commissioner's motion to dismiss be GRANTED.

## II.  Relevant Background

### A.  Administrative Proceedings

Myers filed for Title II disability insurance benefits on October 28, 2014, alleging a disability onset date of November 18, 2006. (ECF No. 1 at 2). The Ohio Division of Disability Determination initially denied Myers's claim on December 16, 2014. *Id.* They denied it again during reconsideration on July 13, 2015. *Id.* A hearing was held on December 14, 2016, before an

1

ALJ. *Id.* The ALJ found that Myers was not under a disability within the meaning of the Social Security Act from November 19, 2006, to the date of the decision, April 25, 2017. *Id.* On June 20, 2017, Myers appealed. *Id.* A second hearing was held on August 14, 2018, before an ALJ. *Id.* The ALJ issued a new unfavorable decision against Myers on October 12, 2018. *Id.* On December 10, 2018, Myers filed a Request for Review of Hearing Decision/Order with the Appeals Council. *Id.* The Appeals Counsel returned an unfavorable decision on March 6, 2020. *Id.* Myers received the Appeals Council's decision on March 16, 2020. *Id.*

### B. District Court Proceedings

Myers sought judicial review of that decision on May 5, 2020, under Section 405(g) ("*Myers I*"). *Myers v. Comm'r of Soc. Sec.*, No. 1:20-cv-00979-PAG (N.D. Ohio) (filed May 5, 2020). Myers' case was assigned to this Court on July 23. This Court issued an order on July 31, stating:

> Pursuant to L.R. 16.3.1(b), "plaintiff shall cause the summons and complaint to be served upon the defendant in the manner specified by Fed.R.Civ.P.4(i), within twenty-one (21) days of the date of filing the complaint with the Clerk of Court." (Emphasis added). The docket does not yet reflect service. Accordingly, Plaintiff shall cause the return of service to be filed with the Clerk of Court or, to the extent service has not yet been completed, Plaintiff shall forthwith cause the summons and complaint to be served upon the defendant. Thereafter, Plaintiff shall cause the return of service to be filed with the Clerk of Court. Failure to do so may result in dismissal of Plaintiff's complaint for failure to prosecute.

(*Myers I*, ECF No. 6 at 1). On September 3, the District Court dismissed Myers's case for want of prosecution, noting that Myers had not yet perfected or effectuated service despite the Court's July 31 order. (*Myers I*, ECF No. 7 at 1).

Five days later, Myers refiled his petition as this case. (ECF No. 1). Myers sought service through the Clerk of Courts on September 28. On October 10, the docket reflected that service was

perfected on October 2. The Commissioner answered Myers's complaint on December 9, moving to dismiss it because Myers's refiled action was outside of 42 U.S.C. §§ 405(g)'s 60-day statute of limitations. (ECF No. 9). Myers responded on January 8, 2021. (ECF No. 10). The Commissioner did not reply; thus, the Commissioner's motion to dismiss is now ripe.

**III.     Law and Analysis**

The Commissioner asks the Court to dismiss this action (presumably with prejudice) because it is untimely. (ECF No. 9 at 2). Myers filed *Myers I* within 42 U.S.C. § 405(g)'s expressed 60-day statute of limitations, but the Court dismissed that case because Myers failed to perfect or effectuate service within 21 days of filing, as L. R. 16.3.1(b) requires. Five days later, Myers filed this action without any changes. Because it was filed about 120 days after the 60-day statute of limitations expired, the Commissioner argues that the present action should not be heard. (ECF No. 9 at 2-3).

In response, Myers "seeks an extension of time to file the federal action… [because t]he interest of justice would be best served by the adjudication of the matter on the merits of the case." (ECF No. 10 at 1). Although indirectly, Myers thus asks the Court to equitably toll the 60-day statute of limitations so that he can maintain this action. Alternatively, Myers asserts that this action "relates back" to *Myers I*. (ECF No. 10 at 1). Finally, Myers argues that the Commissioner's motion to dismiss had a service-of-process flaw that renders it procedurally improper. (ECF No. 10 at 1).

The Court concludes that Myers is not entitled to equitable tolling and that his alternative arguments are meritless.

**A.     Myers Is Not Entitled to Equitable Tolling**

Under 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner

of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision…" Equitable tolling may extend that statute of limitations in Social Security appeals, though, when exceptional circumstances warrant it. *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008). The plaintiff bears the burden of establishing that "'some extraordinary circumstance stood in his way'" from filing a timely petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Indeed, "[e]quitable tolling generally 'applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Kellum*, 295 F. App'x at 49 (quoting *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

Plainly, demonstrating that one is entitled to equitable tolling "is a high hurdle to clear." *Kellum*, 295 F. App'x at 49; *see also Graham–Humphreys*, 209 F.3d at 561 ("[F]ederal courts sparingly bestow equitable tolling."). The Sixth Circuit "considers the following five factors in determining the appropriateness of tolling a statute of limitations:

> (1) the petitioner's lack of [actual] notice of the filing requirement;
> (2) the petitioner's lack of constructive knowledge of the filing requirement;
> (3) diligence in pursuing one's rights;
> (4) absence of prejudice to the respondent; and
> (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Kellum*, 295 F. App'x at 49.

The Court concludes that Myers is not entitled to equitable tolling. Turning to the factors, Myers knew of the 60-day filing requirement. Indeed, the 60-day limit is expressed in Section 405(g) and in the Commissioner's regulations, and Myers filed *Myers I* a few days before the 60-day period expired. Myers has not argued that he lacked notice of the filing requirement.

Nor has Myers diligently pursued his claim. The Court notes that Myers is represented by privately hired legal counsel; thus, Myers's counsel's actions—and inactions—are imputed to Myers. *Id.* (citing *Pioneer Investment Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 396–97 (1993)). As the Court indicated in its July 31, 2020 order in *Myers I*, under "L.R. 16.3.1(b), plaintiff shall cause the summons and complaint to be served upon the defendant in the manner specified by Fed. R. Civ. P. 4(i), within twenty-one (21) days of the date of filing the complaint with the Clerk of Court." (*Myers I*, ECF No. 6 at 1). The Court served the order on Myers via its electronic-filing system that day. Myers did not respond to the order, nor did he attempt to effectuate or perfect service over the next month. The District Court thus dismissed *Myers I* for want of prosecution on September 3, 2020. By refiling this action five days later—about 120 days after the 60-day deadline—Myers rendered his once-timely petition untimely.

Myers has not explained why he failed to comply with the Court's July 31, 2020 order. Unfortunately, Myers's silence on that matter implies that Myers's counsel did not diligently pursue *Myers I*. The Court notes that "[t]he principles for equitable tolling 'do not extend to what is at best a garden variety claim of excusable neglect.'" *Peeler v. Colvin*, No. 3:16-CV-0545, 2017 WL 64747, at * 2 (W.D. N.C. Jan. 5, 2017) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). While such neglect would be regrettable (and might provide Myers with a basis for an attorney-malpractice action), it does not excuse Myers's failure to diligently pursue *Myers I*. *Singleton v. Comm'r of Soc. Sec.*, No. 1:09-CV-0933, 2010 WL 3734060, at *5 (W.D. Mich. Mar. 24, 2010).

Moreover, rather than refile an untimely petition, Myers could have considered two alternatives. First, he could have written to the Appeals Council to ask it to extend the statute for good cause. *See* 42 U.S.C. § 405(g) (stating that a claimant "may obtain a review of [the

5

Commissioner's administrative] … decision by a civil action commenced within sixty days … or within such further time as the Commissioner of Social Security may allow"); 20 C.F.R. § 404.982 ("If you show that you had good cause for missing the deadline, the time period will be extended."); *Bowen v. City of New York*, 476 U.S. 467, 476 (1986) ("[T]he 60-day requirement is not jurisdictional, but rather is a statute of limitations waivable by the parties."). Second, Myers could have appealed the Court's dismissal of *Myers I*. *E.g. White v. Comm'r of Soc. Sec.*, No. 18-CV-3463, 2018 WL 3954337 (6th Cir. 2018). He did not do either. Instead, Myers merely refiled his *Myers I* petition five days later, which was decidedly untimely. Thus, Myers appears to have ignored statute of limitations.

Separately, even if the Court were to look only at Myers's diligence in refiling this action, the Court would still conclude that Myers did not diligently pursue his claim. Myers asserts that he "filed the instant action immediately after the initial dismissal by the Court." (ECF No. 10 at 1). This is incorrect, as five days passed between the Court dismissing *Myers I* on Thursday, September 3, 2020, and Myers filing this action on Tuesday, September 8, 2020, via the Court's electronic-filing system.[1] (ECF No. 1). In *Kellum*, the 6th Circuit stated that "there was nothing immediate" about a four-day delay (which included two weekend days) between counsel learning of and correcting a filing error. 295 F. App'x at 51. There is nothing immediate about it Myers's actions here, either.

Relatedly, Myers had no reason to be ignorant of the service requirement in *Myers I*, nor has he stated that he was ignorant of it. Indeed, Myers perfected service in this refiled action. And even if he had offered an explanation, it would likely be unavailing one because Ohio attorneys

---

[1] The Court was officially closed for the weekend on September 5 and 6 and the Court observed Labor Day on September 7. But the Court was open on September 4, and the Court's electronic-filing system accepts civil filings (including new complaints) at any hour of any day.

6

"shall provide competent representation to a client," which includes "the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." OHIO R. PROF'L COND. 1.1.

On the other hand, the Commissioner would suffer minimal or no prejudice if Myers were permitted to maintain this action. The Commissioner notes that the 60-day statute of limitations helps to "move cases to speedy resolution in a bureaucracy that processes millions of claims annually." (ECF No. 9 at 2-3 (quoting *Bowen*, 476 U.S. at 481)). That is a valid—and also minimal—risk of prejudice. Regardless, Myers fails "to identify any other factor that supports his entitlement to equitable tolling." *Kellum*, 295 F. App'x at 49. That is fatal to his equitable tolling request: "Although absence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified, it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Id.* (quoting *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)). The absence of prejudice to the Commissioner thus cannot support equitable tolling on its own.

Additionally, the Commissioner cites to *Wilson v. Grumman Ohio Corp.* for the general proposition that "filing a complaint that is later dismissed for failure to perfect service does not toll the statute of limitations." (ECF No. 9 at 3 (citing 815 F.2d 26, 28 (6th Cir. 1987)). *Wilson* was a Title VII case, but it is additional persuasive support for denying equitable tolling here. Another persuasive analogy can be drawn to *Harkey v. Berryhill*, a district court case from a sister circuit that closely mirrors this case's facts. There, the petitioner appealed the Commissioner's decision on her social security claim. *Harkey v. Berryhill*, No. 3:16-CV-0709-MR, 2018 WL 1187559, at *1-2 (W.D. N.C. Mar. 7, 2018). Through counsel, the petitioner filed her complaint within the 60-day statute of limitations, but failed to effectuate proper service after filing. *Id.* Over

7

90 days later, the court dismissed the petitioner's complaint without prejudice for want of prosecution. *Id.* The petitioner refiled the second action five days later. *Id.* Declining to extend equitable tolling to the refiled complaint, the court noted that

> [t]he Plaintiff … has made no attempt to demonstrate any extraordinary facts which would warrant the application of equitable tolling in this case…. The Plaintiff's first action, while timely, was dismissed for failure to prosecute…. As the Plaintiff has failed to demonstrate any extraordinary circumstances to excuse her late filing, the Court concludes that equitable tolling is not available to her.

*Id.* Myers, too, fails to demonstrate that his case warrants equitable tolling's rare rescue.

Considering the five equitable tolling factors and the persuasive authorities discussed above, the Court concludes that this action should not be equitably tolled because Myers has not demonstrated that some exceptional circumstance out of his control justifies his lack of diligence in pursuing his claim. *Kellum*, 295 F. App'x at 49.

### B. Myers's Other Arguments Are Meritless

Separately from equitable tolling, Myers defends against dismissal on two other grounds. Neither is persuasive. First, he asserts that this action "relates back to the first complaint …, [which was] timely filed and thus within the 65-day time limit."[2] (ECF No. 10) at 1). But the "relates back" doctrine under Rule 15(c) of the Federal Rules of Civil Procedure applies only to amended— rather than dismissed—pleadings. Fed. R. Civ. P. 15(c). As a district court in another sister circuit succinctly put it:

> Plaintiff misunderstands the relation back doctrine. Rule 15(c)(1)(B) provides that '[a]n amendment to a pleading relates back to the date

---

[2] Myers's reference to a 65-day time limit is correct in a practical sense: "Under 20 C.F.R. § 422.210(c), … the date of receipt of notice of denial of request for review is presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. This results in a 65–day time frame to file a petition for review." w*Short v. Astrue*, No. 11-CV-15684, 2013 WL 656505, at *1 (E.D. Mich. Feb. 22, 2013).

> of the original pleading when the amendment asserts a claim ... that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading….' There is no federal rule that permits a complaint in a fresh suit to relate back to a complaint in an entirely separate suit, even when the cases arise from the same incident or, like here, the complaints are identical.

*General Casualty v. U.S. Government*, No. 13–cv–5596, 2014 WL 2198487, at *3 (N.D. Ill. May 27, 2014). Because Myers does not support his relates-back argument with contrary case law, this argument fails.

Second, Myers asserts that the Commissioner "fail[ed] to include a Certificate of Service confirming all proper parties to the suit were served with a copy of" its motion to dismiss. (ECF No. 10 at 1). Myers thus argues that the Commissioner's motion to dismiss is procedurally invalid. Again, not so: Rule 5 of the Federal Rules of Civil Procedure states that "[n]o certificate of service is required when a paper is served by filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(d)(1)(B). The Commissioner filed its motion to dismiss via the Court's electronic-filing system on December 9, 2020, which satisfies Rule 5. This argument fails, too.

## IV. Recommendation

Myers's refiled action is untimely and not entitled to equitable tolling. Thus, I recommend that the Commissioner's motion to dismiss be GRANTED.

DATED: March 9, 2021

*CarmenHenderson*
Carmen E. Henderson
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections

within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).